### PEOPLE v. RUSSELL.

1. CRIMINAL LAW — CONFRONTATION — ASSISTANCE OF COUNSEL — FORMER TESTIMONY.

The constitutional right of a defendant to be confronted with the witnesses against him is denied where at a State criminal trial the transcript of a witness' testimony given at the preliminary examination is admitted as evidence, and this testimony was taken without opportunity for cross-examination and without the assistance of counsel (US Const, Ams 6, 14).

2. SAME — CONFRONTATION — FORMER TESTIMONY — ASSISTANCE OF COUNSEL.

The privilege of confrontation guaranteed by the United States Constitution *held*, denied when defendant, not represented by counsel, had no adequate opportunity to cross-examine a witness at preliminary examination, and that witness' testimony was subsequently read to the jury by the prosecutor, because the witness was not available at trial (US Const, Ams 6, 14).

Appeal from Wayne; Schemanske (Frank G.), J. Submitted Division 1 June 8, 1967, at Grand Rapids. (Docket No. 2,542.) Decided December 5, 1967.

Larry Russell was convicted of unlawful sale and possession of narcotics. Verdict set aside as to the sale and defendant sentenced for possession. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 333–344.

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert Weinbaum,* for defendant.

BURNS, J. Defendant was convicted by a jury of the offenses of sale[1] and possession[2] of narcotics.

At trial the chief witness for the prosecution, who allegedly purchased the narcotics from the defendant, did not appear and the trial judge allowed the prosecutor to read the witness' preliminary examination testimony to the jury. The defendant was not represented by counsel at the preliminary examination and the record does not indicate that he waived counsel. The defendant did not cross-examine the witness, nor was he asked by the court if he desired to cross-examine the witness. Counsel was appointed to represent the defendant at the trial of the cause. The jury returned a verdict of guilty on both counts, which verdict was supported by other competent evidence. However, the judge set aside the guilty verdict as to the sale of narcotics and sentenced the defendant for the unlawful possession of narcotics.

The defendant claims on appeal that the trial court erred by allowing the prosecutor to read the preliminary examination testimony to the jury, that such evidence violated the Sixth Amendment of the United States Constitution:

"In all criminal prosecutions, the accused shall enjoy the right   *   *   *   to be confronted with the witnesses against him   *   *   *   and to have the assistance of counsel for his defense."

---

[1] CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).
[2] CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).

In fairness to the trial judge it should be noted that this case was tried prior to the decision of the United States Supreme Court in *Pointer* v. *Texas* (1965), 330 US 400 (85 S Ct 1065, 13 L ed 2d 923). In that case the examining trial was for a determination of probable cause, which is similar to the purpose of a preliminary examination in Michigan. Defendant was not represented by counsel and did not cross-examine a witness at the examining trial, who later was unavailable at the trial. The trial court allowed the examining trial testimony of the unavailable witness to be read in evidence. The United States Supreme Court held that the use of such testimony was a denial of the defendant's constitutional right of confrontation.

In the present case the defendant, not having counsel at the examination, was denied an adequate opportunity to cross-examine the witness, and the introduction of the transcript in evidence amounted to denial of the privilege of confrontation guaranteed by the Sixth Amendment of the Constitution of the United States, as made applicable to the States by the Fourteenth Amendment. The present case is controlled by the *Pointer Case, supra.*

Reversed and remanded for a new trial.

HOLBROOK, P. J., and McGREGOR, J., concurred.